UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 23-CR-10187-IT |
| | ) | |
| AVELINO RIVERA, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**TALWANI, D.J.**

WHEREAS, on July 20, 2023, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Avelino Rivera (the "Defendant"), with Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any firearm or ammunition involved in or used in any knowing commission of the offense.  Such property specifically included, without limitation:

    (a)    One Glock Model 19, 9mm semiautomatic pistol, bearing serial number BKFP136, seized on or about November 8, 2022;

    (b)    One Ruger, .380 caliber pistol, bearing serial number 371-123378, seized on or about November 8, 2022;

    (c)    One Colt, Cobra, .38 caliber revolver seized on or about November 8, 2022; and

    (d)    Assorted rounds of ammunition seized on or about November 8, 2022;

(collectively, the "Property");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on August 9, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on July 25, 2023;

WHEREAS, in Section 6 of the plea agreement, the Defendant waived and released any claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consented to the forfeiture of all such assets;

WHEREAS, during the Rule 11 hearing, the United States gave a recitation of the facts, referenced the Property being forfeited, and how the Property being forfeited was involved in or used in any knowing commission of the offense charged in the Information, and the Defendant did not object;

WHEREAS, the Defendant agrees that the Property is subject to forfeiture because they are any firearm or ammunition involved in or used in any knowing commission of the offense as

2

charged in Count One of the Information;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant pled guilty, and accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offense to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain them in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C §2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United

States' intent to dispose of the Property.

6.    Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C §2461(c), the United States shall give to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C §2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8.    Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C §2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

9.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

**INDIRA TALWANI**
United States District Judge

Dated: _12/12/2023_

5